**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY NEWBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-01661-JAR |
| | ) |
| TAMMY ROSS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented Plaintiff Anthony Newberry to proceed in district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $3.54. Additionally, for the following reasons, the Court will order Plaintiff to file an amended complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has submitted his inmate account statement from the Missouri Department of Corrections for the time period July 15, 2024 through January 15, 2025. During this period,

Plaintiff had an average monthly deposit of $17.71. Therefore, the Court will assess an initial partial filing fee of $3.54, which is 20 percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights during his incarceration as a pretrial detainee at the St. Louis City Justice Center. Named as Defendants are the following employees of the Justice Center: Tammy Ross (Deputy Commissioner), M. Ervin (Manager), Unknown Wilburn (Captain), and Unknown Brock (Lieutenant). Plaintiff sues Defendants in both their individual and official capacities.

Plaintiff states that on August 23, 2023, unnamed officers shot him with rubber bullets, maced him, and beat him with their bare hands. Plaintiff alleges that after the beating, these officers put him in a restraint chair "for a total of 30 days w[h]ere the plaintiff was forced to sit in feces and urine for a number of days at a time." ECF No. 1 at 3. He states that he never received medical attention.

When he was placed back in a cell, Plaintiff states he was forced into an unclean cell that was lit 24 hours a day and under 24-hour video surveillance. While the cell had a shower, Plaintiff states that the shower had no door or curtain and left him exposed. He had no recreation time or use of the telephone. Although his allegations are not specific, he alleges he was denied a proper diet.

Plaintiff alleges that on November 18 through November 20, 2023, he had no working water in his cell. His sink, shower, and toilet were not operational. He states that he was not given a drink and was unable to flush his toilet for three days. He states his cell became infested with gnats and other bugs.

As for his specific allegations against the named Defendants, he states these events occurred "under the command of Ms. Tammy Ross," and that she was present and gave direct orders "a number of times." ECF No. 1 at 3. For example, Ross placed him in the cell with the constant lighting. Plaintiff states Major Ervin would inflict emotional stress on Plaintiff by making

- 3 -

sarcastic comments. Lieutenant Brock worked the overnight shift and would "constantly wake the Plaintiff up out of his sleep for no reason at all," and would not feed Plaintiff until hours after meal time. *Id.* at 4. Plaintiff makes no specific allegations against Defendant Wilburn.

Plaintiff states that the conditions at the Justice Center have had a lasting effect on his mental and physical health. He suffers from PTSD and has a slow response time. For relief, he seeks $300,000 to help him receive mental health treatment.

## Discussion

### (1)   Excessive Force Claims

The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015); *see also Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014).

Liability in a 42 U.S.C. § 1983 case is personal. In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Liability under § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006); *see also Love v. Schoffman*, 142 Fed. App'x 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint "did not specify which of the many named defendants was responsible for each of the alleged harms").

- 4 -

Plaintiff alleges that several officers including defendants "used excessive force upon [him]." ECF No. 1 at 3. He states unnamed officers shot him with rubber bullets, maced him, and beat him. He states that after this assault, he was placed in a restraint chair for 30 days, apparently without use of the restroom for several days at a time. But, Plaintiff's allegations do not connect any of the named Defendants with any of the alleged acts of excessive force. To state a plausible excessive force claim, Plaintiff must allege facts connecting each Defendant to a challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). That is, Plaintiff must allege which Defendant did what to him.

Once Plaintiff has connected each Defendant to an act of excessive force, Plaintiff must then allege enough factual content to allow the Court to determine whether the amount of force was excessive. Not every "malevolent touch by a prison guard" involves excessive force. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 929 F.2d 1014, 1015 (1990)). The "core judicial inquiry" involves determining whether the force was used in good faith and to restore discipline or maliciously and sadistically to cause harm. *Id.* This inquiry requires a Plaintiff to allege some facts regarding the amount of force used, the extent of any injuries, and contextual information surrounding the use of force. *See id.*

In addition to not alleging which Defendant did what, Plaintiff has not alleged any contextual information surrounding the use of force. For example, the Court has no information as to why any force was used. As to his alleged 30 days in the restraint chair, the Court does not know which Defendant placed him in the restraint chair. It is unclear how many hours per day Plaintiff was confined to the restraint chair. It is also unclear if he was forced to sleep in the restraint chair. Additionally, Plaintiff has not alleged any physical injury arising out of these events. The Prison Litigation Reform Act mandates that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

- 5 -

suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).

Plaintiff's excessive force claims are subject to dismissal because he has not connected any Defendant to an incident of excessive force. Nor has he alleged any physical injuries or any contextual information regarding the use of force. The Court cannot make any determination regarding whether the assault was carried out as a punishment or as part of a "good-faith effort to maintain or restore discipline" based on Plaintiff's bare allegation that Defendants used excessive force. *Wilkins*, 559 U.S. at 40. Because Plaintiff has made serious allegations, however, the Court will allow him to amend his complaint in accordance with the instructions set forth below.

     *(2)    Conditions of Confinement Claims*

Plaintiff has also alleged constitutional violations stemming from his conditions of confinement at the Justice Center. The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). To that end, there are two ways to determine whether conditions rise to the level of punishment. *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 907 (8th Cir. 2020). First, a plaintiff can show that his or her conditions of confinement were intentionally punitive. *Id.* Second, in lieu of an "expressly demonstrated intent to punish," a plaintiff can "also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id.* If conditions are arbitrary or excessive, it can be inferred that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon pretrial detainees. *Id.*

As with Plaintiff's excessive force claims, Plaintiff's claims regarding his conditions of confinement require direct involvement by Defendants. Based on his allegations, Defendant Ross

put him in a cell that was lit 24 hours per day. Defendant Ervin made sarcastic comments. Defendant Brock woke Plaintiff from sleep and sometimes would not feed him until hours after meal time. None of these allegations, standing alone, establish a plausible claim that his conditions of confinement were unconstitutional. Plaintiff has not alleged which, if any, of the named Defendants were responsible for the lack of water in his cell from November 18 to November 20, 2023. Also, he has not alleged the length of his confinement in the 24-hour lit cell without recreation. Again, because his allegations are serious, the Court will allow Plaintiff to file an amended complaint in accordance with the instructions below.

### Instructions for Amended Complaint

Because Plaintiff is proceeding as a self-represented litigant, he will be allowed to amend his complaint. Plaintiff should use the Court's form prisoner civil rights complaint, which the Court will provide. In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff is required to allege facts demonstrating the personal responsibility of each Defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). That is, if Plaintiff is alleging an excessive use of force, for example, he must allege more than the bare assertion that unknown officers shot him with rubber bullets, maced him, and beat him. He should allege which Defendant or Defendants used this amount of force. He should also allege the extent of any injuries he suffered and contextual information surrounding the use of force.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a Defendant will result in the dismissal of that Defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within 30 days in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. Doc. [5]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $3.54 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff the Court's form prisoner civil rights complaint.

**IT IS FURTHER ORDERED** that within 30 days of the date of this Order, Plaintiff shall file an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint in accordance with these instructions, his case will be dismissed without prejudice and without further notice to Plaintiff.

Dated this 24th day of July, 2025.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE